## CAMPBELL v. LUCKENBACH S. S. CO.

(District Court, D. Oregon. May 11, 1925.)

1. Admiralty ⚚21—Libel in admiralty lies for death of seamen.

Act March 4, 1915, § 20, as amended by Act June 5, 1920, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), gives right of action to personal representatives of seaman for his death from negligence of vessel, its officers or agents, by libel in admiralty, notwithstanding seaman died on land.

2. Admiralty ⚚44 — Respondent appearing generally will not be permitted to withdraw its answer to obviate waiver of jurisdiction.

General appearance, where venue is laid, waives jurisdiction, and respondent having so appeared will not be permitted to withdraw its answer to obviate such waiver.

In Admiralty. Libel by Michael J. Campbell, administrator of the estate of John Campbell, deceased, against the Luckenbach Steamship Company. On exceptions to libel. Exceptions denied.

M. B. Meacham and W. K. Royal, both of Portland, Or., for libelant.

Wood, Montague & Matthiessen and Gunther F. Krause, all of Portland, Or., for respondent.

WOLVERTON, District Judge. [1] This is a libel in admiralty to recover damages resulting from the death of John Campbell, alleged to have been caused through the neglect and carelessness of the respondent, its officers and agents, in permitting a certain hatchway to remain open, unguarded, and uncovered, between ports, and in failing to warn Campbell of the danger and to provide him with a flashlight, or other means of lighting the deck.

The accident occurred while the steamship F. J. Luckenbach was proceeding up the Columbia river to Portland, Or. Campbell died in Portland, the following day, from the injuries sustained. The respondent excepts to the libel, on the ground and for the reason that it does not state a cause within the jurisdiction of admiralty.

The question involved is whether libel in admiralty will lie to recover damages for death in pursuance of section 20 of the Act of March 4, 1915 (chapter 153, 38 Stat. 1185), as amended by section 33 of the Act of June 5, 1920 (chapter 250, 41 Stat. 1007) [Comp. St. Ann. Supp. 1923, § 8337a]).

This section gives to any seaman who shall have suffered personal injury in the course of his employment, at his election, a right of action for damages at law, with the right of trial by jury. In such action, all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees are made applicable. So, in case of the death of any seaman as a result of such personal injury, the personal representative of the seaman is given a right of action for damages at law, with trial by jury, and in such case also all statutes of the United States conferring or regulating the right of action for death in cases of railway employees is likewise made applicable. It has been held by the Supreme Court that the act giving the right of action at law, with right of trial by jury, is not inimical to the Constitution. Panama R. Co. v. Johnson, 264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748.

This was a case where the seaman sued at common law, on the law side of the court, for personal injuries sustained. It was not one in admiralty by personal representatives

to recover damages arising on account of the death of the seaman. So the precise question here is whether libel will lie where death results from the injuries.

The essential fact that both the statute and the court were dealing with a matter wholly maritime, being that concerning seamen, puts it beyond question that, generally speaking, libel will lie. The purpose of the statute was to alter, qualify, and supplement the maritime rules, and to bring them into relative conformity to the common-law rules, or some modification of the latter. This, the court declares, could be done without impinging upon the Constitution, "if the change be country-wide and uniform in operation," and so upheld the statute. In upholding the statute, the court upheld all of its parts and provisions, including, of course, the right of action, either in admiralty, or, at the election of the personal representatives, at common law, for damages resulting from the death of the seaman. The opinion of the court is so clear, comprehensive, and pertinent, that I take the liberty of quoting quite at length from it:

"The course of legislation, as exemplified in section 9 of the Judiciary Act of 1789, sections 563 (par. 8) and 711 (par. 3) of the Revised Statutes, and sections 24 (par. 3) and 256 (par. 3) of the Judicial Code, always has been to recognize the admiralty jurisdiction as open to the adjudication of all maritime cases as a matter of course, and to permit a resort to common-law remedies through appropriate proceedings in personam as a matter of admissible grace. It therefore is reasonable to believe that, had Congress intended by this statute to withdraw rights of action founded on the new rules from the admiralty jurisdiction and to make them cognizable only on the common-law side of the courts, it would have expressed that intention in terms befitting such a pronounced departure; that is to say, in terms unmistakably manifesting a purpose to make the resort to common-law remedies compulsory, and not merely permissible. But this was not done. On the contrary, the terms of the statute in this regard are not imperative but permissive. It says 'may maintain' an action at law 'with the right of trial by jury,' the import of which is that the injured seaman is permitted, but not required, to proceed on the common-law side of the court with a trial by jury as an incident. The words 'in such action' in the succeeding clause are all that are troublesome. But we do not regard them as meaning that the seaman may have the benefit of the new rules if he sues on the law side of the court, but not if he sues on the admiralty side. Such a distinction would be so unreasonable that we are unwilling to attribute to Congress a purpose to make it. A more reasonable view, consistent with the spirit and purpose of the statute as a whole, is that the words are used in the sense of 'an action to recover damages for such injuries,' the emphasis being on the object of the suit rather than the jurisdiction in which it is brought. So we think the reference is to all actions brought to recover compensatory damages under the new rules as distinguished from the allowances covered by the old rules, usually consisting of wages and the expense of maintenance and cure. See The Osceola, 189 U. S. 158, 23 S. Ct. 483, 47 L. Ed. 760; The Iroquois, 194 U. S. 240, 24 S. Ct. 640, 48 L. Ed. 955; Chelentis v. Luckenbach S. S. Co., 247 U. S. 372, 38 S. Ct. 501, 62 L. Ed. 1171. In this view the statute leaves the injured seaman free under the general law—sections 24 (par. 3) and 256 (par. 3) of the Judicial Code—to assert his right of action under the new rules on the admiralty side of the court. On that side the issues will be tried by the court, but if he sues on the common-law side there will be a right of trial by jury. So construed, the statute does not encroach on the admiralty jurisdiction intended by the Constitution, but permits that jurisdiction to be invoked and exercised as it has been from the beginning."

Whether the statute be styled a survival statute, or what not, it clearly gives a right of action to the personal representatives of the seaman for his death resulting from the negligence of the vessel, its officers or agents.

The coincidence that the seaman died on land does not affect the right of relief accorded to his personal representatives.

It is insisted that Congress did not intend to give libel for death by this act, as it follows so recently after the adoption of the Act of March 30, 1920 (chapter 111, 41 Stat. 537 [Comp. St. Ann. Supp. 1923, §§ 1251½–1251½g]), relating to the maintenance of actions by personal representatives, for death occurring on the high seas. This is not essentially a seamen's act, although seamen are entitled to the benefits awarded. It is general in its scope, and relates to death on the high seas beyond a marine league from the shore of any state, etc. The present statute relates to seamen, and gives the right of action wherever death occurs in appropriate admiralty jurisdiction.

[2] It is suggested that respondent should be allowed to withdraw its answer and there-

by obviate waiver of jurisdiction. It is the general appearance where venue is laid that waives jurisdiction, and, respondent having so appeared, the reason ascribed for withdrawal does not seem to be adequate.

The exceptions are denied.